**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 10 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Manuel Angel Santiago-Mateo, <br><br> Petitioner, <br><br> v. <br><br> Merrick B. Garland, U.S. Attorney General, <br><br> Respondent. | No. 21-632 <br><br> Agency No.   A200-693-128 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2023[**]
Pasadena, California

Before: CALLAHAN, FORREST, H.A. THOMAS, Circuit Judges.

Miguel Angel Santiago-Mateo petitions for review of a Board of

Immigration Appeals (BIA) order dismissing his appeal from an immigration

judge's (IJ) decision and orders on remand. We have jurisdiction under 8 U.S.C.

§ 1252. We deny the petition for review.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1. Substantial evidence supports the BIA's decision to affirm the IJ's adverse credibility determination. First, while Santiago-Mateo argues that the BIA erred in relying on the inconsistency between his application for cancellation of removal and his subsequent testimony about the number of times he entered the United States, the agency appropriately relied on the fact that Santiago-Mateo had an opportunity to review the application and did not make any corrections. *See Li v. Garland*, 13 F.4th 954, 960–61 (9th Cir. 2021). The inconsistency is not, as Santiago-Mateo argues, "a mere trivial error such as a misspelling," but "bears directly" on his claim for relief. *See Manes v. Sessions*, 875 F.3d 1261, 1264 (9th Cir. 2017).

Second, the BIA did not err in construing Santiago-Mateo's conflicting testimony about whether he presented documents at the border as an inconsistency. When DHS counsel asked Santiago-Mateo about this conflict, Santiago-Mateo did not offer an explanation: instead, he denied his previous testimony. A petitioner's "failure of memory" is a "specific and cogent" reason to reject an explanation for an inconsistency. *Rizk v. Holder*, 629 F.3d 1083, 1088–90 (9th Cir. 2011). Moreover, the IJ did not have to provide Santiago-Mateo with additional opportunities to explain. *Id*. Because there was no error, Santiago-Mateo's due process argument likewise fails. *See Rodriguez-Jimenez v. Garland*, 20 F.4th 434, 440 (9th Cir. 2021) (*overruled on other grounds by Alam v. Garland*, 11 F.4th 1133, 1135–36 (9th Cir. 2021) (en banc)).

2. The BIA did not err in affirming the IJ's denial of Santiago-Mateo's motion to withdraw his admission of removability made through counsel. Absent egregious circumstances, an attorney's admission is binding on a petitioner when the admission is 1) distinct, 2) formal, 3) made by an attorney acting in his professional capacity, and 4) a tactical decision. *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 830 (9th Cir. 2011). Santiago-Mateo does not dispute that the first three requirements are met, and he did not proffer any evidence to rebut the presumption that the decision to concede removability was tactical. *See id.* at 831. Santiago-Mateo has not met his burden to demonstrate any of the "egregious circumstances"— unjust results, a false admission, or ineffective assistance of counsel—that can relieve a petitioner from his attorney's admissions. *See id.* at 831–32.

Finally, *Matter of Quilantan*, 25 I. & N. Dec. 285 (BIA 2010), was not an intervening change in law that affected Santiago-Mateo's eligibility for relief because that case was decided several months before the Notice to Appear issued and did not make new law. *See Hing Sum v. Holder*, 602 F.3d 1092, 1100 n.7 (9th Cir. 2010).

**PETITION DENIED.**